# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINE DENNIS, | Civil No. 18-9408 (FLW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| STEPHEN JOHNSON et al., | |
| Respondents. | |

Petitioner *pro se*, Antoine Dennis ("Petitioner"), a state prisoner presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.) Upon a review of the Petition, the Court notes that Petitioner admits that his seventh and eighth grounds for relief are unexhausted, and he explains that he is presently pursuing a second petition for post-conviction relief in the New Jersey state courts. (*See id.* ¶¶ 13(b) & 15.) Thus, the Petition is a "mixed petition," containing both exhausted and unexhausted claims; the Court may not adjudicate a mixed petition. *Rhines v. Weber*, 544 U.S. 269, 273 (2005). The Court therefore directs Petitioner to choose one of the following options: (1) request a stay of the Petition pending resolution of his second state post-conviction relief proceeding, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); (2) delete the unexhausted claims and proceed only on his exhausted claims; or (3) have the Court dismiss the Petition without prejudice as a mixed petition. Petitioner shall make his choice in writing within 45 days of the date of the entry of this Memorandum and Order. If Petitioner fails to respond to this Memorandum and Order, the Court will dismiss the Petition without prejudice as a mixed petition.

The Court further notes that the form Petition filed by Petitioner lacks the required notice under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). Consequently, the Court will now provide the *Mason* notice to Petitioner. Before a District Court may rule on a § 2254 petition from a *pro se* petitioner, it must notify the petitioner that he may either (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one-year statutory period." *Mason*, 208 F.3d at 418 (internal quotation marks omitted); *see also United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) (same for a § 2255 petition). This notice is required "out of a sense of fairness," because the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a restrictive effect on successive habeas petitions. *Mason*, 208 F.3d at 418; *see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005).

Thus, Petitioner shall also confirm to the Court that the active, pending Petition is his one, all-inclusive petition. Alternatively, he may notify the Court that he wishes to withdraw his Petition and submit one amended, all-inclusive § 2254 Petition. Petitioner shall specifically address this issue in his response to the Court, to be filed within 45 days. If Petitioner does not respond to the Court concerning this issue, the Court will construe this as an indication that the active Petition is his one, all-inclusive petition.

Accordingly, IT IS, this 19th day of November 2018

ORDERED that within 45 days of the entry of this Memorandum and Order, Petitioner shall (1) request a stay under *Rhines* pending resolution of his second post-conviction relief proceeding in the state courts, (2) withdraw the unexhausted claims and proceed only on the exhausted claims, or (3) have the Court dismiss the Petition without prejudice as a mixed petition.[1] To the extent Petitioner seeks a stay under *Rhines*, he shall show cause for the failure

---

[1] If Petitioner dismissal of the Petition without prejudice, he may lose his opportunity to bring any habeas claims, as they could be untimely under AEDPA.

to exhaust his claims, explain the potential merit of the claims he seeks to exhaust in state court, and show that he has not engaged in dilatory tactics; and it is further

ORDERED that Petitioner shall also confirm to the Court within 45 days of the entry of this Memorandum and Order whether he wishes to have his Petition ruled on as filed or whether he wishes to withdraw his Petition and submit one amended, all-inclusive § 2254 petition; and it is further

ORDERED that to the extent Petitioner wishes to delete his unexhausted claims or otherwise to submit an amended, all-inclusive petition, he must submit the amended petition within 45 days of the date of the entry of this Memorandum and Order; and it is further

ORDERED that, if Petitioner fails to respond to this Memorandum and Order within 45 days of its entry, this Court will consider Docket Entry Number 1 as Petitioner's one and only all-inclusive § 2254 petition and will dismiss it as a mixed petition; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this order on Petitioner by regular U.S. mail, accompanied by a blank Petition for Relief from a Conviction or Sentence by a Person in State Custody, Form AO 241 (modified) DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge