UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINE DENNIS, | : |
| | : Civil No. 18-9408 (FLW) |
| Petitioner, | : |
| | : |
| v. | : **MEMORANDUM AND ORDER** |
| | : |
| STEPHEN JOHNSON et al., | : |
| | : |
| Respondents. | : |

Petitioner *pro se*, Antoine Dennis ("Petitioner"), a state prisoner presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.) Upon a preliminary review of the Petition, the Court noted that Petitioner's seventh and eighth grounds for relief were explicitly unexhausted, and Petitioner was directed to either request a protective stay under *Rhines v. Weber*, 544 U.S. 269 (2005), to withdraw his unexhausted claims, or to withdraw his entire Petition. (*See* ECF No. 2.) The Court concurrently gave Petitioner the notice required under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), and directed Petitioner to notify the Court whether the original Petition was his one, all-inclusive Petition or whether he wished to withdraw the original Petition and submit an amended, all-inclusive § 2254 Petition. (*Id.*)

In response, Petitioner indicated that he withdraws his original Petition and submits an all-inclusive Amended Petition with another unexhausted ground for relief. (*See* ECF Nos. 4 & 4-1.) Petitioner simultaneously filed a motion for a protective stay under *Rhines*. (ECF No. 3.) He alleges that his post-conviction relief ("PCR") counsel was ineffective and incompetent in failing to adequately consult with Petitioner and investigate the case and that, as a result, counsel failed to raise certain arguments that Petitioner's trial counsel provided constitutionally

ineffective assistance. (*See* ECF No. 3-1.) Petitioner indicates that he has now raised those claims in grounds seven, eight, and nine of his Amended Petition and that he is presently seeking to exhaust those claims by way of a second PCR proceeding before the New Jersey courts. (*See id.*) Accordingly, he moves for a protective stay of this habeas proceeding while he finishes exhausting those grounds in his second PCR proceeding. As respondents have not yet been served, there is no opposition to this stay motion.

In *Rhines*, the Supreme Court found that a court presented with a mixed habeas petition—that is, a petition containing both exhausted and unexhausted claims—may grant a protective stay to permit the petitioner to exhaust the unexhausted claims without letting the limitations period expire on the exhausted claims assuming three elements are satisfied. *See id.* at 275–78. Those three elements are whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay. *See Rhines*, 544 U.S. at 277; *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009).

Considering the circumstances presented by Petitioner, I find that a protective stay is warranted. First, Petitioner has alleged good cause for his failure to previously exhaust his unexhausted claims, as he contends that the only reason these claims were not previously exhausted was the alleged ineffective assistance provided by his PCR counsel. Turning to the potential merit of Petitioner's unexhausted claims, I construe each of his claims as asserting claims that Petitioner's trial counsel provided ineffective assistance, specifically by failing to raise objections to evidence obtained following execution of an allegedly defective warrant, by failing to adequately argue that the conviction was against the weight of the evidence, and by

failing to object to certain jury instructions.[1] (*See* Am. Pet., ECF No. 4 at 32–41.) Without access to any underlying record or the resolution of any credibility determinations, I cannot conclude from the material presented that these claims are "plainly meritless." *See Rhines*, 544 U.S. at 277. Lastly, there is no indication that Petitioner is attempting to use these processes as a method of delay, and I perceive no way in which delay would presently help him. Instead it seems that he merely wishes to exhaust unexhausted habeas claims while not permitting the limitations period on his exhausted claims to lapse—a valid concern.

Accordingly, IT IS, on this 20th day of June 2019,

ORDERED that Petitioner's motion for a protective stay of this action, (ECF No. 3), is hereby GRANTED; and it is further

ORDERED that the Clerk shall ADMINISTRATIVELY TERMINATE this proceeding; and it is further

ORDERED that Petitioner shall file any request to reopen this proceeding within 30 days of the exhaustion of his claims currently pending in state court; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Petitioner by regular U.S. mail.
.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge

---

[1] Petitioner frames these arguments as claims that he received ineffective assistance from his PCR counsel. Nevertheless, reading his *pro se* Amended Petition liberally, I construe it as asserting claims that his trial counsel was ineffective, relying on ineffective assistance of PCR counsel to avoid the bar of procedural default that might otherwise apply, under *Martinez v. Ryan*, 566 U.S. 1 (2012).